UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

CASE NO.:  1:12-CV-24016/KING/McALILEY

HAINAN CRUISE ENTERPRISE S.A.,

    Plaintiff,

vs.

HAPPY CRUISES S.A., QUAIL TRAVEL
GROUP, S.A., AND QUAIL CRUISES
SHIPMANAGEMENT, LTD.,

    Defendants.
_____/

## UNOPPOSED MOTION FOR ORDER AUTHORIZING DISBURSEMENT OF ATTACHED FUNDS

    Hainan Cruise Enterprise S.A. ("Hainan") respectfully moves this Honorable Court on an unopposed basis for an Order authorizing Garnishee Operadora e Agencia De Viagens Tur Ltda. f/k/a Agencia De Viagens CVC Tur Ltda. ("CVC") to disburse funds subject to certain writs of attachment and garnishment and an order of this Court, and in support thereof avers as follows:

    1.    On November 6, 2012, Hainan filed its Original Verified Complaint (DE 1) against Quail Travel Group S.A. ("Quail Travel") and Quail Cruises Ship Management, Ltd. ("Quail Cruises"; collectively with Quail Travel, the "Quail Group").  Hainan's verified complaint included a prayer for process of maritime attachment and garnishment pursuant to Rule B of the Federal Rules of Civil Procedure's Supplemental Admiralty Rules ("Admiralty Rule B").

2. On November 7, 2012, in furtherance of its prayer for attachment and garnishment, Hainan filed its Motion for Order for Issuance of Maritime Attachment and Garnishment (DE 3), in which Hainan requested an Order of this Court commanding the attachment and garnishment of, *inter alia*, an alleged debt and/or fund of $5.0 Million held in the hands of CVC on behalf of the Quail Group. The alleged debt and/or fund arose out of a settlement agreement entered into in July 2012 by the Quail Group, on the one hand, and CVC and other persons and entities, on the other hand (the "CVC Settlement Agreement").

3. The Court granted Hainan's motion on November 9, 2012 (DE 11), directing the Clerk of Court to issue process of attachment and garnishment for the seizure of any property of the Quail Group within the Southern District of Florida including, *inter alia*, the aforementioned alleged debt/fund held by CVC.

4. On or about November 9, 2012, and November 20, 2012, Writs of Attachment and Garnishment issued by the Clerk of Court as ordered by the Court (the "Writs") were served on CVC, effectively garnishing any debt owed by CVC to the Quail Group pursuant to Admiralty Rule B.

5. On December 12, 2012, CVC served its Answer of Garnishee (DE 41), denying that it held any debt or fund of $5.0 Million. The basis for CVC's denial was that the CVC Settlement Agreement had not yet become effective, and that therefore CVC was not yet indebted to the Quail Group.

6. In early April 2013, however, the CVC Settlement Agreement became effective, and CVC therefore became obligated to pay the Debt to the Quail Group.

7. On or about April 11, 2013, the Clerk of Court issued renewed Writs of Attachment and Garnishment (the "Renewed Writs") (DEs. 55 & 56), which were served the same day on CVC (DEs. 67 & 68).

8. On April 12, 2013, Hainan filed an Emergency Motion to Prevent Disbursement of Funds by Garnishee (DE 59), which the Court granted on April 16, 2013 (DE 64). The Court's April 16 Order stated that "[u]ntil further Order of the Court, Garnishees shall continue to hold, and shall not disburse, any funds due to Quail under the Settlement Agreement." Thus -- in addition to the Writs and the Renewed Writs -- the Court's April 16 Order prevented CVC to pay the Debt to the Quail Group.

9. Collectively, the Writs, the Renewed Writs, and the Court's April 16 Order will be referred to as the "Federal Attachments."

10. On May 22, 2013, Quail Travel, which was and is a debtor in a foreign bankruptcy proceeding in Spain, filed a Chapter 15 Bankruptcy Petition in the United States Bankruptcy Court, Southern District of Florida, Case No. 13-21971-RAM (the "Chapter 15 case"). Quail Travel's goal in the Chapter 15 case was to obtain an order (a) finding that the Debt was property in whole or in part of Quail Travel and (b) vacating, pursuant to Chapter 15 and international comity, the Federal Attachments to the extent that the Federal Attachments encumbered or affected Quail Travel's interest in the Debt.

11. On November 25, 2013, Judge Robert A. Mark entered his Order on Foreign Representative's Motion for Relief Under 11 U.S.C. § 1521 (the "Chapter 15 Order"). The Chapter 15 Order is attached as Exhibit A. The Chapter 15 Order ruled that both Quail Travel and Quail Cruises held an undivided 50 percent interest in the Debt -- i.e., that $2.5 Million of the disputed sum of $5.0 Million was the property of Quail Travel, with the remaining $2.5

Million being the property of Quail Cruises. The Chapter 15 Order also vacated the Federal Attachments (as well as a state court injunction) to the extent that they encumbered or affected Quail Travel's interest in the Debt.

12. As a result of the Chapter 15 Order, the parties -- along with non-parties Jewel Owners, Ltd. and Pearl Owners Ltd. (collectively, "Jewel Owners"), whose claims against Quail Cruises are the subject of pending state court litigation and who have obtained the aforementioned state court injunction -- have settled their respective disputes (the "Chapter 15 settlement") and have agreed as follows:

>   (1) CVC, in accordance with the instructions of the Quail Group authorized representative, will transfer the $2.5 Million that is the property of Quail Travel to a Quail Travel bank account (the "Quail Travel Account");
>
>   (2) CVC, in accordance with the instructions of the Quail Group authorized representative, will transfer $2.5 Million that is the property of Quail Cruises to the trust account of Holland & Knight LLP (the "H&K Account");
>
>   (3) Holland & Knight LLP will then transfer a portion of the $2.5 million to Hainan.

13. Hainan does not wish to dismiss the subject action until it has received full payment of the portion it is due under the Chapter 15 settlement. CVC does not wish to violate the Federal Attachments and therefore will not commence any of the transfers outlined above without authority from this Honorable Court. Accordingly, the parties have agreed and hereby request that the Court issue an Order authorizing CVC to initiate the transfer outlined above notwithstanding the Federal Attachments.

14. Upon Hainan's receipt of full payment of its portion of the $2.5 Million that is the property of Quail Cruises, this action shall be dismissed with prejudice with each party to bear its own attorney's fees and costs.

15. A proposed order is attached as Exhibit B.

WHEREFORE, Hainan respectfully requests that the Court enter an order authorizing CVC to initiate transfers as set forth herein.

### Certificate of Good-Faith Conference

In accordance with Local Rule 7.1(a)(3)(A), I certify that I have conferred with counsel for Quail Travel, Quail Cruises, CVC and the Jewel Owners and that counsel for each does not oppose to the relief set forth herein.

Dated: December 11, 2013
Miami, Florida

Respectfully submitted,

/s/ Patrick E. Novak
PATRICK E. NOVAK
Florida Bar No.: 838764
pnovak@admiral-law.com
HORR, NOVAK & SKIPP, P.A.
Two Datran Center, Suite 1700
9130 South Dadeland Boulevard
Miami, FL  33156
Telephone: (305) 670-2525
Facsimile: (305) 670-2526
**Attorneys for Hainan Cruise Enterprise S.A.**

and

Daniel A. Tadros, LA Bar No. #21906
Alan R. Davis, LA Bar No. #31694
CHAFFE McCALL L.L.P.
2300 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2300
Telephone: (504) 585-7000
Facsimile:  (504) 585-7075
**Attorneys for Hainan Cruise Enterprise S.A.**

## CERTIFICATE OF SERVICE

We hereby certify that on December 11, 2013, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF. We also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

/s/ Patrick E. Novak
PATRICK E. NOVAK
Florida Bar No.: 838764
pnovak@admiral-law.com

/357

## SERVICE LIST

**Patrick E. Novak, Esq.**
pnovak@admiral-law.com
Horr, Novak & Skipp, P.A.
Attorneys for Defendant
Two Datran Center, Suite 1700
9130 S. Dadeland Boulevard
Miami, FL 33156
Telephone: (305) 670-2525
Facsimile: (305) 670-2526
**Attorneys for Plaintiff**

**Brian A. Briz, Esq.**
brian.briz@hklaw.com
Holland & Knight
701 Brickell Ave., Suite 3000
Miami, FL 33131-2847
Telephone: (305) 789-7723
Telefax: (305) 789-7799
**Attorneys for Quail Travel Group**

**Michael T. Moore, Esq.**
mmoore@moore-and-co.net
**Amber E. Ferry, Esq.**
Aferry@moore-and-co.net.
**Clay M. Naughton, Esq.**
cnaughton@moore-and-co.net
Moore & Company, P.A.
355 Alhambra Circle, Suite 1100
Coral Gables, FL 33134
Telephone: 786-221-0600
Telefax: 786-221-0601
**Attorneys for Spinelli, Patriani and
    Operadora e Agencia**